**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4644**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

WOSSEN ASSAYE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge.  (1:15-cr-00115-LMB-1)

_____

Submitted:  December 28, 2016      Decided:  January 13, 2017

_____

Before NIEMEYER, DUNCAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven  P.  Hanna,  Richmond,  Virginia,  for  Appellant.  Dana  J.
Boente,  United  States  Attorney,  Ankush  Khardori,  Special
Assistant  United  States  Attorney,  Alexandria,  Virginia,  for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wossen Assaye pled guilty pursuant to a plea agreement to two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). The district court sentenced Assaye to the mandatory minimum sentence of 32 years' imprisonment, and he now appeals. On appeal, Assaye argues that the district court erred in denying his motion to withdraw his guilty plea, and abused its discretion in denying his motion to appoint new counsel. The Government has moved to dismiss the appeal based on an appellate waiver contained in the plea agreement and further asserts that Assaye's claims are without merit.

The plea agreement contained a waiver of Assaye's appellate rights, and we conclude that Assaye knowingly and voluntarily executed the appellate waiver. However, we find that the issues raised on appeal are within the narrow class of alleged errors that automatically fall outside the scope of an appellate waiver. See United States v. Copeland, 707 F.3d 522, 530 (4th Cir. 2013) (listing such errors); United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994) (appeal waiver does not bar review of denial of motion to withdraw plea when motion "incorporates a colorable claim" of ineffective assistance).

Turning to the substance of Assaye's claims on appeal, we assume, without deciding, that his motion to convert his sentencing to a status hearing served as the functional equivalent of motions to withdraw his plea and to appoint replacement counsel.

When a defendant seeks to withdraw his guilty plea prior to sentencing, a district court should consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012). We review denial of a motion to withdraw a guilty plea for abuse of discretion. Id. at 383.

As to the first factor, the district court's thorough plea colloquy and Assaye's answers to the court's questions confirm that he knowingly and voluntarily pled guilty to the charges. Furthermore, Assaye has offered no credible evidence of his innocence; to the contrary, Assaye twice agreed to facts that established his factual guilt. Third, there was a significant and unexplained delay between the entry of Assaye's guilty plea and the filing of any motion to withdraw that plea.

3

The fourth factor is a closer question, but we conclude it weighs against Assaye. Although counsel provided Assaye with some erroneous advice, it was ultimately irrelevant to the final plea agreement, which was the result of several rounds of negotiation. After extensive negotiations, counsel was able to secure a substantial reduction in Assaye's potential sentence. Even after counsel's erroneous advice came to light, Assaye stated that he was "fully satisfied" with counsel's performance in negotiating the plea agreement. The fifth and sixth Moore factors also weighed in favor of denying Assaye's motion. We therefore conclude that the district court did not abuse its discretion in denying Assaye's motion.[*]

With regard to Assaye's second claim, when a district court has denied a request by a defendant to replace his court-appointed lawyer, we consider three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Horton, 693 F.3d 463, 467 (4th Cir. 2012) (internal quotation marks

---

[*] Nor does Assaye convince us that the district court abused its discretion in failing to grant an evidentiary hearing on the motion. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

omitted).  We review such a denial for abuse of discretion.  <u>Id.</u> After reviewing the record in light of these factors, we conclude that the district court did not abuse its discretion in denying Assaye's motion for replacement counsel.

Finally, although Assaye has filed a motion to submit a supplemental pro se brief, because counsel filed a merits brief on Assaye's behalf, we deny Assaye's motion.  <u>See</u> <u>United States v. Penniegraft</u>, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

Consequently, we affirm Assaye's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>